**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

NATHANIEL WARD-EL,

    Plaintiff,

v.                                              Case No. 3:21-CV-11766

BOLESKI, et. al.,

    Defendants,
_____/

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)**

This matter is before the court on Plaintiff Nathaniel Ward-El's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner who is incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan.  Upon review of Plaintiff's case and his litigation history in the federal courts, this court concludes that his civil rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**I. BACKGROUND**

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." *See Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006).  Plaintiff failed to provide the $350.00 filing fee, plus a $ 52.00 administrative fee, when he filed his complaint.  The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or

1

files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997).  The *in forma pauperis* statute, 28 U.S.C. § 1915(a), gives prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A search of federal court records indicates that Plaintiff has three prior civil rights complaints that were dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *Ward-El v. O'Connor*, No. 12-14729, 2012 WL 5471140 (E.D. Mich. Nov. 9, 2012), *aff'd,* No. 12-2579 (6th Cir. July 15, 2013); *Ward v. Dunklow*, No. 1:13-CV-304, 2013 WL 3336616 (W.D. Mich. July 2, 2013), *aff'd* No. 13-1991 (6th Cir. Jan. 24, 2014); *cert. den.* 572 U.S. 1154 (2014); *Ward v. Marietti*, No. 1:15-CV-295, 2015 WL 1781516 (W.D. Mich. Apr. 20, 2015).

## II. DISCUSSION

Plaintiff requested to proceed without prepayment of fees.  However, under 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Pursuant to 28 U.S.C. § 1915(g), a federal court must dismiss a case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's previous actions because they were frivolous or malicious or failed to state a claim for which relief may be granted. *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997)(Gadola, J.). The three strikes provision of the PLRA prohibits a prisoner from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003)(Lawson, J.). A federal district court may raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

Plaintiff has three prior civil rights complaints which were dismissed by a federal district court for being frivolous, malicious, or failing to state a claim upon which relief could be granted. [1]

Plaintiff does not allege any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma*

---

[1] Two of these dismissals were affirmed by the United States Court of Appeals for the Sixth Circuit on appeal. These two affirmances could arguably count as separate strikes under § 1915(g). An appellate court's affirmance of a district court's dismissal of a prisoner civil action counts as a separate strike, for purposes of 28 U.S.C. § 1915(g), so long as the appellate court implicated § 1915(g) reasons for affirming the district court's dismissal. *See Taylor v. First Med. Mgmt.*, 508 F. App'x. 488, 494 (6th Cir. 2012). This includes cases in which the appellate court finds a prisoner's action to be frivolous but "erroneously styles its dismissal as an affirmance." *Id.,* p. 495, n. 5.

*pauperis* in light of his three prior strikes. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x. 470, 472 (6th Cir. 2002).

Plaintiff's civil rights complaint is subject to dismissal pursuant to § 1915(g). Plaintiff, may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Plaintiff's three strikes under § 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The court refuses to certify that any appeal from this dismissal would be in good faith.

### III.  ORDER

IT IS HEREBY ORDERED that Plaintiff Nathaniel Ward-El's *in forma pauperis* status is DENIED and the complaint [Dkt # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED AND CERTIFIED that any appeal taken by Plaintiff would not be done in good faith.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  January 11, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 11, 2022, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\21-11766.WARD.ThreeStrikesDismissal.db.chd.docx